IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 19 AM 11: 14

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| SEAN ANTHONY NEWBERG, | X X X |  |
| Plaintiff, | X X |  |
| vs. | X | No. 05-2451-Ml/P |
| MARK LUTTRELL, et al., | X X X |  |
| Defendants. | X X |  |

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE SERVICE OF PROCESS FOR REMAINING DEFENDANT

Plaintiff, Sean Anthony Newberg, prison registration number 150171, an inmate confined at the Shelby County Division of Correction (SCDC),[1] has filed a complaint under 42 U.S.C. § 1983. The Clerk of Court shall file the case and record the defendants as Mark Luttrell, Lieutenant Harris, A. Jackson, Officer Williams, C. Cleaves, Chief Coleman, Sergeant Gardner, Lieutenant Davis, and V. Anthony.[2]

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] Plaintiff has named a "John Doe" Operations Commander and other "John and Jane Doe" Officers, Deputy Jailers, and Supervisors as defendants. It is well settled that a complaint cannot be commenced against fictitious parties. Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968); see also Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that a claim naming fictitious "John Doe" defendants does not commence an action and that a subsequent amendment identifying the defendant cannot relate back under Rule 15). Thus, to the extent plaintiff has a viable claim against any "John or Jane Doe"



I.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement showing:

1) the average monthly deposits, and
2) the average monthly balance for the six months prior to submission of the complaint, and
3) the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order the plaintiff properly complete and file both an <u>in forma pauperis</u> affidavit and a trust fund account statement showing the above amounts.

It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months

---

defendant, he must identify that defendant and file a complaint against them within the applicable statute of limitations. The Clerk shall remove from the docket any reference to John and Jane Doe defendants.

immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the clerk of court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the clerk of court.

On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the clerk of court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the clerk of this court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the clerk along with the payment.

All payments and account statements shall be sent to:

3

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the court may impose appropriate sanctions, including either dismissal or a monetary fine or both, without any additional notice or hearing by the court. The clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

## II. Analysis of Plaintiff's Claims

Plaintiff Newberg was formerly confined at the Shelby County Jail and sues Shelby County Sheriff Mark Luttrell, Lieutenant Harris, Sergeant A. Jackson, Detention Response Team ("DRT") Officers Williams, Cleaves, Chief Coleman, and Jailers Sergeant Gardner, Lieutenant Davis, and V. Anthony. Plaintiff alleges that he was awakened on May 21, 2005 for a cell search by officers of the DRT. Newberg alleges that DRT Officer Williams entered his cell and returned with an empty foam cup, asking him what it was. Plaintiff states that he replied that it was an empty soup cup and alleges that Williams responded that plaintiff would be locked down

for the day. Plaintiff alleges that he asked Officer Williams for a grievance form, at which time Williams grabbed him, handcuffed him, and took him into a classroom or church service room. Plaintiff alleges that Officer Williams rammed plaintiff's head into a chalk board and allowed other officers to hit him in the back of the head, legs, back, arms, and chest. Plaintiff Newberg states that he was left handcuffed on the floor under the chalkboard for approximately thirty minutes and then was escorted to the medical department.

Newberg alleges that he awoke with a numb tongue on May 22, 2005, and his entire mouth became progressively numb and the side of his head was painful. He alleges that his condition worsened and on May 29, 2005, the entire left side of his face was numb and he could not blink his eye. Plaintiff alleges that he was diagnosed with Bell's Palsy, a condition which resulted from the blows to his head by the DRT team.

Newberg alleges that he filed a grievance, however, he was transferred to the SCDC on May 24, 2005, before he received any response.

Plaintiff's complaint contains no factual allegations of any actions by defendants Lieutenant Harris, Sergeant A. Jackson, DRT Officer Cleaves, Sergeant Gardner, Lieutenant Davis, or V. Anthony. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff

can prove no set of facts which would entitle him to relief." Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985). Prison officials are not liable under the Eighth Amendment for an injury to an inmate merely because they were on duty at the time of the injury. See Gibson v. Foltz, 963 F.2d 851, 853-54 (6th Cir. 1992); Marsh v. Arn, 937 F.2d 1056, 1067-69 (6th Cir. 1991).

Likewise, plaintiff's complaint contains no allegations of action or direct involvement in this incident by defendants Mark Luttrell and Chief Coleman. Plaintiff merely states that those defendants are responsible for the "training, supervision, discipline, and control of all deputy jailers as well as the operation, practices, and totality of the conditions of the Shelby County Jail Facility." There is no respondeat superior liability under § 1983. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

> [t]here must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this

6

case, the complaint is devoid of allegations that defendants Luttrell or Coleman "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421. It is clear from the face of the complaint, even construed liberally under Haines v. Kerner, 404 U.S. 519 (1972), that plaintiff relies entirely on the supervisory capacities of defendants Luttrell and Coleman as the sole basis for any claims against them.

Accordingly, the claims against Luttrell, Harris, Jackson, Cleaves, Coleman, Gardner, Davis, and Anthony lack an arguable basis either in law or in fact and are, therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). As the above claims are frivolous, those claims and defendants are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

III. ISSUANCE OF SERVICE FOR REMAINING DEFENDANT

It is ORDERED that the clerk shall issue process for DRT Officer Williams and deliver said process to the marshal for service.

Service shall be made on the defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

7

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall promptly notify the clerk of any change of address or whereabouts.

Failure to comply with these requirements, or any other order of the court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this __19__ day of December, 2005.

JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02451 was distributed by fax, mail, or direct printing on December 19, 2005 to the parties listed.

---

Sean Newberg
R&I #1501
1045 Mullins Station Rd.
Memphis, TN 38134

Honorable Jon McCalla
US DISTRICT COURT