```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
_____

                                     (
SEAN ANTHONY NEWBERG,                (
                                     (
        Plaintiff,                   (
                                     (
vs.                                  (     No. 05-2451-Ml/P
                                     (
OFFICER WILLIAMS,                    (
                                     (
        Defendant.                   (
                                     (
_____

           ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
               ORDER DENYING MOTION FOR EXTENSION AS MOOT
                                   AND
           ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER
_____
```

Plaintiff, Sean Anthony Newberg, prison registration number 150171, an inmate confined at the Shelby County Division of Correction (SCDC), filed a complaint under 42 U.S.C. § 1983. On December 19, 2005, the Court entered a screening order dismissing claims against defendant Mark Luttrell, Lieutenant Harris, A. Jackson, C. Cleaves, Chief Coleman, Sergeant Gardner, Lieutenant Davis, and V. Anthony. The Court directed that service issue for Defendant Officer Williams on the single remaining claim of use of excessive force.

On July 1, 2005, Newberg filed a motion for appointment of counsel. A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir.

1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[1] Service has not yet been effected on the defendant. At

---

[1] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer

2

this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. The Court concludes that an appointment of counsel is not warranted and the motion for appointment of counsel is DENIED.

On December 19, 2005, the Court directed Newberg to comply with the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), by filing a properly completed in forma pauperis affidavit and a prison trust fund account statement showing:

1) the average monthly deposits, and
2) the average monthly balance for the six months prior to submission of the complaint, and
3) the account balance when the complaint was submitted.

On December 30, 2005, Newberg filed a motion for an extension of time to file the in forma pauperis affidavit and a prison trust fund account statement.  Inexplicably, also on December 30, 2005, he filed the required documents.  Accordingly, as Newberg has filed the required documents, the motion for an extension of time is DENIED as MOOT.

On January 5, 2006, Newberg filed a motion for a temporary restraining order against defendant Williams and "his colleagues." Newberg fears he is at risk of further assault by Williams when he is transported to the Shelby County Jail for court appearances. Fed. R. Civ. P. 65 requires a showing of irreparable injury, loss,

---

for a meritless case that no lawyer would take were the plaintiff not indigent."
Id.

3

or damage that must "clearly appear[] from specific facts shown by affidavit or by the verified complaint." Fed. R. Civ. P. 65(b)(1). Furthermore, the applicant, or his attorney, must "certif[y] to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b)(2).

Newberg has not complied with Rule 65(b)(2). The defendant has not yet been served. Apart from this procedural deficiency, the motion consists of Newberg's conclusory allegations that he is theoretically at risk of injury from Williams. This Court cannot issue orders based on mere theoretical probabilities, and the facts as alleged show no harm to the plaintiff. Such conclusory allegations do not demonstrate any likelihood of success on the merits or irreparable harm. Accordingly, Newberg has not demonstrated that he is entitled to injunctive relief.

Furthermore, to the extent plaintiff contends that unnamed "colleagues" of Williams "threaten" him each time he attends court, such claims are against persons who are not parties to this lawsuit. The Court is not satisfied that plaintiff has exhausted his available administrative remedies on those claims against those persons. Arguably the claims arose after the filing of this lawsuit and are not related to the issue in this lawsuit, specifically, use of excessive force by Williams on May 21, 2005. Plaintiff must exhaust his administrative remedies on such claims against those

persons pursuant to 42 U.S.C. § 1997e(a) and then file a separate lawsuit to the extent he seeks relief on those claims. Accordingly, Newberg has not demonstrated that he is entitled to injunctive relief and the motion is DENIED.

Plaintiff is again directed that he shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 23rd day of January, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE